IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| George Holmes, | ) C/A No. 9:14-1190-TMC-BHH |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| | ) |
| Rebecca Whitney, *W0901*, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

Plaintiff, a pretrial detainee in the Beaufort County Detention Center in Beaufort, South Carolina, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983[1] alleging "harassment, illegal arrest [and] abridgement [of] civil rights" in connection with Plaintiff's arrest and detention on charges of strong arm robbery. See Complaint, ECF No. 1, p. 2. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge. Because Plaintiff's Complaint fails to state a claim upon which relief may be granted, the Complaint should be summarily dismissed without prejudice and without issuance and service of process.

---

[1] Not itself a source of substantive rights, § 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." See Jennings v. Davis, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. See McKnight v. Rees, 88 F.3d 417(6th Cir. 1996). To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980); see Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

1

**PRO SE AND IN FORMA PAUPERIS REVIEW**

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9-10 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. Fine v. City of N. Y., 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

**BACKGROUND**

On April 1, 2014, Plaintiff filed his Complaint, alleging that he was arrested on February 3, 2014, when he was "within 50 feet of the so call[ed] victim['s] house." Plaintiff alleges Defendant engaged in "harassment of illegal arresting me by up a false police report knowledge it was false, and she stated to me that I told you I was going to lock your big fat black ass up." Complaint, ECF No. 1, p. 3. Plaintiff alleges that "there was no . . . probable cause, evidence of goods nor victim - person appearing in any of the courts such [as at the] bond hearing . . . [and] preliminary hearing. Id. Plaintiff seeks for Defendant "to be fire[d] from [the] Beaufort Police Department," and "to be drug tested every 3 months" or "I [time] a month for crack cocaine," and "to keep her away from me." Id. at 5. Plaintiff also seeks "to sue [Defendant] for $200.00 cash every day and night I had to spend in [the] Beaufort County Detention Center." Id.

**DISCUSSION**

Section 1983 actions premised on alleged unlawful seizure, malicious prosecution, false arrest, and/or false imprisonment are analyzed as actions claiming unreasonable seizures in violation of the Fourth Amendment. See, e.g., Brown v. Gilmore, 278 F.3d 362, 367-68 (4th Cir. 2002) (analyzing the plaintiff's allegations of false arrest as a claim of unreasonable seizure under the Fourth Amendment); Rogers v. Pendleton, 249 F.3d 279, 294 (4th Cir. 2001) (stating that claims of false arrest and false imprisonment "are essentially claims alleging a seizure of the person in violation of the Fourth Amendment"). A claim that a warrantless arrest is not supported by probable cause constitutes a cause of action for false arrest as opposed to malicious prosecution. See Brooks v. City of

Winston-Salem, 85 F.3d 178, 181 (4th Cir.1996). Whether an independent cause of action for malicious prosecution under § 1983 even exists is a question that has, for quite some time, confronted the federal courts. See, e.g., Wallace v. Kato, 549 U.S. 384, 390 n.2 (2007) ("We have never explored the contours of a Fourth Amendment malicious-prosecution suit under § 1983, and we do not do so here.") (citation omitted). Recently, in Snider v. Seung Lee, 584 F.3d 193 (4th Cir. 2009), the Fourth Circuit summarized its understanding of the law surrounding such a claim:

> While it is not entirely clear whether the Constitution recognizes a separate constitutional right to be free from malicious prosecution, see Albright v. Oliver, 510 U.S. 266, 279-80 n. 5 (1994) (Ginsburg, J., concurring); Lambert v. Williams, 223 F.3d 257, 261-62 (4th Cir. 2000), if there is such a right, the plaintiff must demonstrate both an unreasonable seizure and a favorable termination of the criminal proceeding flowing from the seizure. In Lambert we explained:
>
>> Our analysis in Brooks [v. City of Winston-Salem, 85 F.3d 178 (4th Cir. 1996)], understood in light of these precedents, makes clear that there is no such thing as a "§ 1983 malicious prosecution" claim. What we termed a "malicious prosecution" claim in Brooks is simply a claim founded on a Fourth Amendment seizure that incorporates elements of the analogous common law tort of malicious prosecution – specifically, the requirement that the prior proceeding terminate favorably to the plaintiff.
>
> 223 F.3d at 262.  In a footnote, we explained the significance of the second element of a malicious prosecution claim:
>
>> As we noted in Brooks, the significance of the favorable termination element is not only that it constitutes a prerequisite for recovery, but also that it establishes the time from which the claim accrues for purposes of determining whether the statute of limitations has run.
>
> Id. at 262 n.3 (emphasis added).

Snider, 584 F.3d at 199.

4

In other words, to state a viable claim for a seizure with a warrant that violated Plaintiff's Fourth Amendment rights, Plaintiff must demonstrate that he was arrested pursuant to a warrant not supported by probable cause and that the criminal proceedings against him terminated in his favor. Burrell v. Virginia, 395 F.3d 508, 514 (4th Cir. 2005). A § 1983 claim for malicious prosecution incorporates the common law element of favorable termination to state a cause of action. See id.; Lambert v. Williams, 223 F.3d 257, 261-62 & n.2 (4th Cir. 2000); see also Schilling v. White, 58 F.3d 1081 (6th Cir. 1995) (noting that in common law tort liability, proof of the illegality of a conviction is a necessary element, and unless that conviction has been reversed, there has been no injury of constitutional proportion, and therefore no § 1983 action may exist). The charge on which Plaintiff was arrested remains currently pending against Plaintiff. Obviously, Plaintiff's criminal proceeding has not been terminated in his favor. Thus, to the extent that Plaintiff asserts a malicious prosecution-type claim, he fails to satisfy one of the essential elements necessary to state a plausible claim, as attested by Plaintiff, himself, in his sworn Answers to the Court's Special Interrogatories (ECF No. 14), submitted on April 28, 2014. See Answers to Interrogatories, ECF No. 14, p. 2. The undersigned can also take judicial notice of the records of the Beaufort County General Sessions Court, found online in the Beaufort County Fourteenth Judicial Circuit Public Index, which show that Plaintiff's arrest record was entered on February 5, 2014 in case number 2014A0720600030, and that Plaintiff was indicted on the charge of robbery/common law robbery/strong arm robbery in indictment number 2014-GS-7-305, on March 27, 2014, which remains pending.[2]

---

[2] See Beaufort County Fourteenth Judicial Circuit Public Index, http://publicindex.sccourts.org/Beaufort/PublicIndex/CaseDetails.aspx?County=07&Cou

Consequently, Plaintiff's Complaint fails to state a plausible malicious prosecution-type Fourth Amendment claim and should be summarily dismissed. See Wallace v. Kato, 549 U.S. at 392-92.

To the extent that Plaintiff attempts to assert a false arrest claim, because, as noted above, Plaintiff's Complaint did not clearly allege whether he was arrested with a warrant or without a warrant, Plaintiff was ordered to provide Answers to the Court's Special Interrogatories. Plaintiff's Answers state that an arrest warrant was issued in his case. Id. at p. 1. Plaintiff attested that the warrant number was 2014A07200030, issued by Judge Edwin Tupper. Id. In a § 1983 action based on unreasonable seizure, "a public official cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant." Porterfield v. Lott, 156 F.3d 563, 568 (4th Cir. 1998); Brooks v. City of Winston-Salem, 85 F.3d 178, 181-82 (4th Cir. 1996) (when arresting official makes the arrest with a facially valid warrant it is not false arrest); see also Dorn v. Town of Prosperity, No. 08-2005, 2010 WL 997175 (4th Cir. March 18, 2010).

Here, Plaintiff's Complaint and Answers to the Court's Special Interrogatories plainly fail to state a false arrest claim under § 1983. See McCormick v. Wright, No. 2:10-cv-00033-RBH, 2010 WL 565303 (D.S.C. Feb 17, 2010) (citing Jovanovic v. City of New York, No. 04 CV 8437(PAC), 2008 WL 355515 (S.D.N.Y Feb. 7, 2008) (Heck v.

---

rtAgency=07001&Casenum=2014A0720600030&CaseType=C (last visited May 20, 2014); Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); United States v. Parker, 956 F.2d 169, 171 (8th Cir. 1992) (the district court had the right to take judicial notice of a prior related proceeding).

6

Humphrey, 512 U.S. 477 (1994) remains viable in the pretrial detainee malicious prosecution claim context).

To the extent that Plaintiff's Complaint alleges any state-law-based causes of action, they may only be heard in federal court where there is diversity of citizenship among the parties or where there is supplemental jurisdiction based on viable federal claims.[3] See Ysais v. Richardson, 603 F. 3d 1175, 1179 (10th Cir. 2010); Good v. City of Sunbury, 352 F. Appx. 688, 689-90 (3d Cir. 2009); see also Quint v. Village of Deerfield, No. 07-C 5413, 2010 WL 675565, * 1 (7th Cir. Feb. 26, 2010). Because the federal question Fourth Amendment claim should be dismissed in this case, the Court should decline to exercise supplemental jurisdiction over any possible state-law claims that Plaintiff may be asserting against Defendant. See 28 U.S.C. § 1367(c)(3); Lovern v. Edwards, 190 F. 3d 648, 655 (4th Cir. 1999)("[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants.").

## RECOMMENDATION

Based on the foregoing, it is recommended that the Court dismiss the Complaint without prejudice and without issuance and service of process. Plaintiff's attention is directed to the important notice on the following page.

                                                        s/Bruce Howe Hendricks
                                                        United States Magistrate Judge

May 29, 2014
Charleston, South Carolina

---

[3] Clearly, there is no basis for diversity jurisdiction in the instant case. All parties are alleged to be citizens and residents of Beaufort County, South Carolina. See ECF Nos. 1, 3, 15.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk of Court
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).